```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                            Norfolk Division
```

**BENJAMIN NEWSOME, Administrator of**
**the Estate of Joshua Johnson**

    **Plaintiff,**

    **v.**                                                        Civil Action No. 2:14cv94

**MATTHEW WATSON and MATHEW WILLIAMS,**

    **Defendants.**

## MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

    Defendants Matthew Watson and Mathew Williams, by counsel, move to dismiss the Complaint herein pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that it fails to state a claim against them on which relief could be granted, more specifically as follows:

    1.    The facts alleged in the Complaint show no violation of any "clearly established" right, so that defendants are entitled to qualified immunity.

    2.    Violations of "safety rules of police procedure" do not state claims under the Fourth Amendment.

    3.    Negligence is not the test of liability for a violation of the Fourth Amendment under 42 U.S.C. §1983.

    4.    Allegations about how the officers conducted themselves before the use of force are irrelevant and cannot be used to attack the use of force.

    5.    Allegations that the officers violated procedures or safety rules in a way that created or manufactured a situation in which one of them used deadly force do not state a claim for violation of the Fourth Amendment.

    6.    The Fourth Amendment does not provide a person who is being arrested a right to a means of "egress".

7. Unless the court infers from the facts pled that the decedent reversed his car and backed up while Officer Williams was in harm's way, the Complaint pleads no fact which shows a causal connection between Williams' actions and the use of deadly force.

8. If the court infers from the facts pled that Johnson reversed his car and backed up, Johnson's act in so doing breaks any causal connection between Williams' actions and the use of deadly force.

9. The alleged violation by Watson in firing his weapon while Williams was in the line of fire is irrelevant to plaintiff's claim, because any such safety rule would exist to protect third parties, not plaintiff's decedent.

10. Once the allegations attacked above are stripped from the Complaint, what remains does not state a claim against Watson because no fact is alleged that shows that the use of deadly force was unreasonable or excessive.

WHEREFORE, defendants Matthew Watson and Mathew Williams pray the court will dismiss this action with prejudice and award them judgment.

        **MATTHEW WATSON**
        **MATHEW WILLIAMS**


        _____/s/_____
        Melvin Wayne Ringer
          Chief Deputy City Attorney
        Virginia Bar number 20141
        Tasha D. Scott
          Assistant City Attorney
        Virginia Bar number 68643
        Attorneys for defendants Matthew Watson
          and Mathew Williams
        City Attorney's Office
        810 Union Street
        Norfolk, VA 23510
        Phone: 757-664-4215
        Fax:   757-664-4201
        wayne.ringer@norfolk.gov
        tasha.scott@norfolk.gov

**CERTIFICATION**

I hereby certify that on this 13th day of March, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John M. Cooper, Esq.
Attorney for plaintiff
Cooper Hurley
2014 Granby St. Ste. 200
Norfolk, Virginia 23517
Phone: 757-455-0077
Fax: 757-455-8274
jcooper@cooperhurley.com

_____/s/_____
Melvin Wayne Ringer
   Chief Deputy City Attorney
Virginia Bar number 20141
Attorney for defendants Matthew Watson
   and Mathew Williams
City Attorney's Office
810 Union Street
Norfolk, VA 23510
Phone: 757-664-4215
Fax:  757-664-4201
wayne.ringer@norfolk.gov