IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BENJAMIN NEWSOME, Administrator of
the Estate of Joshua Johnson,

                   Plaintiff,

v.                                          Civil Action No. 2:14cv94

MATTHEW WATSON,

And

MATHEW WILLIAMS,

                   Defendants.

PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO RULE 12 (b)(6)

COMES NOW the plaintiff, Benjamin Newsome, Administrator of the Estate of Joshua

Johnson, by counsel, and for his Brief in Response to Defendants' Motion to Dismiss Pursuant to

Rule 12(b)(6), states as follows:

Statement of the Case

Plaintiff Administrator brought this action on behalf of the Estate of Joshua Johnson

pursuant to 42 U.S.C. §1983.  On May 20, 2013 in, or around, the 2000 block of Colonial

Avenue in the City of Norfolk, Virginia, Joshua Johnson (hereinafter "Johnson" or  the

"Decedent") was shot and killed while Defendant Matthew Watson (hereinafter also "Watson")

and Defendant Mathew Williams (hereinafter also "Williams") were arresting him for a non-

violent property crime.  (Complaint ¶ ¶ 2-3).  At all relevant times, Watson and Williams were

employed as police officers for the City of Norfolk, Virginia.  (Complaint ¶1).

1

The circumstances surrounding the use of deadly force upon the decedent include the following: At approximately 2:40 p.m. the decedent was in a drive-through lane of a bank. (Complaint ¶ 3). Watson and Williams, acting together, barricaded Johnson's vehicle within the bank drive-through by pulling the police vehicle in front of the Johnson vehicle so that reverse was his only means of egress. (Complaint ¶3). During the seizure, Williams placed himself in harm's way by walking directly and closely behind the Johnson vehicle knowing that its only means of egress was to back-up. (Complaint ¶3). Watson fired a hail of bullets killing Johnson, and also shooting Williams who was in the direct line of fire. (Complaint ¶3). The actions of Watson and Williams violated a number of safety rules of police procedure. (Complaint ¶3).

Williams and Watson, acting jointly, caused Johnson to be shot to death as part of an unreasonable execution of an arrest or seizure of Johnson's person within the meaning of the United States Constitution and the Fourth Amendment. (Complaint ¶4). The defendants' actions, performed in concert, directly and proximately caused Johnson's wrongful death in violation of his constitutional rights. (Complaint ¶4).

Authorities and Argument

The events described, if accepted as true, adequately set forth actionable Fourth Amendment violations against both defendants. If the plaintiff proves the defendants acted unreasonably, in light of the surrounding circumstances, in their use of force against the decedent, then a viable cause of action exists under 42 U.S.C. §1983.

I.      Standard for Dismissal

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). All allegations in the complaint must be accepted as true. *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir. 1982). "The complaint is to

be liberally construed in favor of plaintiff." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Dismissal under Rule 12(b)(6) is not appropriate "unless it appears beyond doubt that the

plaintiff can prove no set of facts to support his claim which would entitle him to relief." *Conley*

*v. Gibson*, 355 U.S. 41, 45-46 (1957); *see Revene v. Charles County Commrs.*, 882 F.2d 870, 872

(4th Cir. 1989).  "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the

complaint… it does not resolve contests surrounding the facts, the merits of the claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992).

Also, a motion to dismiss must be assessed in light of the pleading standards provided by

Rule 8, which require only "a short and plain statement of the claim showing that the pleader is

entitled to relief." *Fed. R. Civ. P.* 8.  "[W]hether a complaint sufficiently states a claim upon

which relief can be granted is governed by the Supreme Court's plausibility pleading

framework."  *Stevenson v. City of Seat Pleasant*, ___ F.3d ___ (4th Cir. 2014) (No. 12-2047:

published opinion decided 2/21/2014); *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."); *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleadings of specifics,

but only enough facts to state a claim to relief that is plausible on its face.").  This analysis is

context specific and requires "the reviewing court to draw on its judicial experience and common

sense."  *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

II.     Plaintiff Has Stated a Claim Upon Which Relief May be Granted

42 U.S.C. §1983, the federal civil rights statute, states that every person who under the color of state law "subjects, or causes to be subjected, any citizen of the United States… to the deprivation of any rights… secured by the Constitution and laws, shall be liable to the party injured in any action at law…." 42 U.S.C. §1983.

The Fourth Amendment guarantees to everyone freedom from the use of objectively unreasonable force by police in effecting arrests. *See Graham v. Connor*, 490 U.S. 386 (1989); *see also Rowland v. Perry*, 41 F.3d 167 (4th Cir. 1994). "This settled authority makes clear that the constitution permits law enforcement agents to use only objectively reasonable force in making an arrest. The use of any greater force is unconstitutionally excessive and gives rise to a §1983 claim for damages." *Heflin v. Town of Warrenton*, 944 F. Supp. 472, 475 (E.D. Va. 1996). To gauge objective reasonableness, "a court examines only the actions at issue and measures them against what a reasonable police officer would do under the circumstances." *Rowland*, 41 F.3d at 172.

*Tennessee v. Garner*, 471 U.S. 1, 3 (1985) provides the controlling standard to be applied to this case. In *Garner*, the Supreme Court held that it is constitutionally unreasonable to use deadly force to prevent escape by a non-violent suspected felon, unless (1) such force is necessary to prevent escape, and (2) the officer has probable cause[1] to believe the suspect poses a <u>significant</u> threat of death or serious physical harm to the officer or others.

Plaintiff's cause of action is well-recognized under the law. Relief can be granted when deadly force is used upon a fleeing, non-violent suspected felon absent a finding that an officer possessed an objectively reasonable belief the suspect posed a significant threat of death or serious bodily harm. Plaintiff's allegations fit these standards.

---

[1] *Illinois v. Gates*, 462 U.S. 213, 246 (1983), in the context of establishing criminal activity, defined probable cause as a "substantial basis" or "fair probability."

a.   Defendant Watson

Acting under the color of law, Defendant Watson used deadly force to apprehend the decedent, who was fleeing and suspected of a non-violent property crime.  Deadly force under these circumstances is objectively unreasonable and violates the Fourth Amendment.  While not specifically stated in the Complaint, the Court can reasonably and permissibly infer, given these well-established standards, that it is the plaintiff's position that Watson acted objectively unreasonably in determining the decedent, an unarmed suspect, posed a significant risk of serious physical harm.

The facts, as alleged and reasonably inferred, fairly place Watson on notice of the nature of the claim against him, and, if proven, are facts upon which relief can be granted.

b.   Defendant Williams

Acting under the color of law, Defendant Williams, in concert with Watson, caused Johnson to be shot to death as part of an unreasonable execution of a seizure of the decedent. While it is not alleged that Williams fired the fatal shots, the plain language of 42 U.S.C. §1983 imposes liability on an officer who "subjects [a citizen], or causes [him] to be subjected" to constitutional injury.  42 U.S.C. §1983.

Effective causation, or setting in motion, has been recognized by the First Circuit in the excessive force context.  In *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553 (1st Cir. 1989), the Court held that the "requisite connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* at 561 (*citing Springer v. Seaman*, 821 F. 871 (1st Cir. 1987).  Effective causation

5

has been recognized by the Fourth Circuit in §1983 cases involving First Amendment violations, deliberate indifference of prison officials, and in the context of municipal liability for policy creation.  *See Sales v. Grant*, 158 F.3d 768 (4th Cir.1998); *Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984); *Spell v. McDaniel*, 824 F. 2d 1380 (4th Cir. 1987).

Additionally, if proven that Williams caused the decedent to be subjected to an unreasonable seizure by leaving a place of safety and placing himself in the path of the decedent's vehicle, then the resulting use of force is constitutionally infirm.  *See Kirby v. Duva*, 530 F.3d 475, 482 (6th Cir. 2008) ("Where a police officer unreasonably places himself in harm's way, his use of deadly force may be deemed excessive."); *Starks v. Enyart*, 5 F.3d 230, 234 (7th Cir. 1993) (While discussing if an officer stepped in front of a rapidly moving vehicle leaving the decedent no time to brake, then "[i]f he did, then [the]Officer… would have unreasonably created the encounter that ostensibly permitted the use of deadly force to protect him, because the decedent would have been unable to react in order to avoid presenting a deadly threat ….").

Defendant Williams incorrectly argues that plaintiff merely relies upon violations of safety procedures, negligence, and circumstances manufactured by Williams himself resulting in the killing of the decedent.  Nowhere in the Complaint does the plaintiff allege negligence. Plaintiff asserts that Williams acted recklessly and unreasonably in causing the shooting death of Johnson, which is the appropriate standard that must be applied.

Defendant Williams relies heavily upon *Drewitt v. Pratt*, 999 F.2d 774 (4th Cir. 1993), a case in which a Norfolk police officer, not in uniform or displaying a badge, shot a man who struck the officer with his car. Relying on *Drewitt*, Williams argues that officer-created or "manufactured" circumstances giving rise to a shooting does not present a constitutional

violation.  Plaintiff does not rely upon mere negligence, or violation of police procedure only to assign liability.  Plaintiff has alleged that Williams, acting in concert with Watson, caused the unreasonable use of deadly force.  In fact, the Court in the *Drewitt* case, while analyzing the reasonableness of the officer's use of force stated, "[c]ontrary to the district court's conclusion, however, we do believe that [the officer's] exact location in connection to Drewitt's vehicle at the time it sped forward is relevant to such issue." *Id.* at 780.[2]

It is alleged that Williams placed himself in harm's way directly and closely behind the decedent's barricaded vehicle (Complaint ¶3).  It is also alleged that Williams acted objectively unreasonable is causing the deadly use of force upon the decedent.  If we accept as true that Williams left a place of safety and caused the unreasonable use of force, then relief can be granted.

Plaintiff acknowledges certain authority which may support a position that the mere fact that an officer violated a safety rule of police procedure may be inadmissible, or may not in and of itself amount to a constitutional violation; however, there is no authority rendering the actions of an officer which amount to a rules violation irrelevant.  These actions are a part of the totality of the circumstances which must be analyzed to determine if an officer acted objectively unreasonably.  At this stage, plaintiff's allegations against Williams are circumstances upon which relief can be granted.

III.     Defendants cannot avail themselves of the Qualified Immunity Defense

The defendants are not entitled to qualified immunity as a matter of law under the totality of the circumstances as alleged.  Even if officers act unreasonably, they are entitled to qualified

---

[2] The *Drewitt v. Pratt* case was a review of a district court's summary judgment decision, not a Rule 12(b)(6) motion to dismiss.

immunity from liability "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated."  *Anderson v. Creighton*, 483 U.S. 635, 638 (1987).  The contours of the right violated "must be sufficiently clear that a reasonable officer would understand what he is doing violates that right."  *Id*. at 640.

In light of the well-established standards discussed herein, no officer who causes the use of deadly force upon a non-violent fleeing suspect, who poses no significant risk of serious bodily harm, can reasonably believe his actions do not violation constitutional protections. Accordingly, the defendants cannot enjoy the defense of qualified immunity under these circumstances.

### Conclusion

Plaintiff has properly pleaded Constitutional claims against both defendants upon which relief can be granted.  Accordingly, plaintiff respectfully submits that the defendants' motion to dismiss, pursuant to Rule 12(b) (6), must be denied.  Alternatively, if the court deems it necessary, the plaintiff requests the opportunity to amend the Complaint as needed.

BENJAMIN NEWSOME,
Administrator of the Estate of
JOSHUA JOHNSON

_____/s/_____
William F. O'Mara, Jr., Esquire

John M. Cooper, Esquire
Virginia State Bar No. 29064
jcooper@cooperhurley.com
William F. O'Mara, Jr.
Virginia State Bar No. 77146
bomara@cooperhurley.com
*Counsel for Plaintiff*
COOPER HURLEY
2014 Granby Street, Suite 200
Norfolk, Virginia 23517

757-455-0077
757-455-8274 (facsimile)

<u>Certification</u>

I hereby certify that on this 25th day of March, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filed (NEF) to the following:

Melvin Wayne Ringer
Chief Deputy City Attorney
Virginia State Bar No. 20141
Wayne.ringer@norfolk.gov
Tasha D. Scott
Assistant City Attorney
Virginia State Bar No. 68643
Tasha.scott@norfolk.gov
*Counsel for Defendants*
City Attorney's Office
810 Union Street
Norfolk, Virginia 23510
757-664-4215
757-664-4201 (facsimile)

_____/s/_____
                William F. O'Mara, Jr., Esquire

9