IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BENJAMIN NEWSOME, Administrator of
the Estate of Joshua Johnson,

       Plaintiff,

v().                                                         Civil Action No. 2:14cv94

MATTHEW WATSON,

And

MATHEW WILLIAMS,

       Defendants.

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff (hereinafter "Plaintiff" or "Newsome"), by counsel, and moves this court, by amended complaint pursuant to Rule 15(a)(1)(B), for judgment and an award of execution against the Defendants, Matthew Watson and Mathew Williams (hereinafter collectively "Defendants" or individually and respectively "Watson" and "Williams"), jointly and severally in the sum of SEVEN MILLION DOLLARS ($7,000,000.00) by reason of the following:

Parties

1.       The Defendants are, or were at all relevant times, employed as police officers of the City of Norfolk, Virginia.

2.       Newsome was qualified as Administrator of the Estate of Joshua A. Johnson on, or about, June 10, 2013 in the Norfolk Circuit Court. The decedent, Joshua A. Johnson (hereinafter "Johnson" or the "Decedent"), was the twenty-two year old son of Newsome. Both

1

Newsome and Johnson were Norfolk, Virginia residents and citizens of the United States at all relevant times.

## Count I- 42 U.S.C. §1983

3. The plaintiff incorporates herein the allegations of Paragraphs 1 and 2 above.

4. Johnson was killed by the excessive and unreasonable use of deadly force by the Defendants on May 20, 2013 in, or around, the 2000 block of Colonial Avenue in the City of Norfolk, Virginia. Johnson was in a drive-through lane of the bank, at approximately 2:40 p.m. and the Defendants were arresting him for an alleged non-violent property crime. Defendants barricaded the vehicle that Johnson was operating by pulling their police vehicle in front of Johnson's car so that reverse was his only means of egress. Williams violated safety rules of police procedure by putting himself in harm's way walking directly and closely behind a vehicle knowing that its only means of egress was to back up. Watson violated safety rules of police procedure, by among other things, firing his weapon with his own fellow officer directly in the line of fire. Watson shot Williams in the same hail of bullets with which Watson killed Johnson.

5. The Defendants, jointly and severally, caused Johnson to be shot to death as part of an unreasonable execution of an arrest or seizure of Johnson's person within the meaning of the United States Constitution and the Fourth Amendment thereto. This excessive and unreasonable use of deadly force were the result of errors and recklessness on the part of the police. The reckless actions of the Defendants in concert constituted an unreasonable and unconstitutional seizure of the person of Johnson which directly and proximately caused the wrongful death of Johnson.

## Count II- Battery

6. The plaintiff incorporates herein the allegations of Paragraphs 1 through 5 above.

7. Defendant Watson, without just cause or provocation, committed a battery on Johnson in violation of Virginia law, by harmful and offensive contact to the decedent proximately resulting in the wrongful death of Johnson through shooting.

## Damages

8. The plaintiff incorporates herein the allegations of Paragraphs 1 through 7 above.

9. Johnson has statutory beneficiaries left behind including his parents and siblings as follows:

| Name | Relationship | Date of Birth |
|---|---|---|
| Benjamin Newsome | Father | 08/17/1959 |
| Charlene Johnson | Mother | 07/23/1961 |
| Charles Johnson | Brother | 10/15/1979 |
| Darrell Newsome | Brother | 11/29/1980 |
| Caprice Johnson | Sister | 05/10/1982 |
| William Johnson | Brother | 10/28/1983 |
| Benjamin Johnson | Brother | 01/22/1987 |
| Marie Johnson | Sister | 04/04/1989 |
| Jahmal Newsome | Brother | 02/12/1995 |

10. As a result of the wrongful death of Johnson, the statutory beneficiaries have suffered harms and losses, past and future, including those allowed by statute under Virginia Code §8.01-52 including potentially the following: funeral expenses, medical costs, loss of income and services to the Decedent's statutory beneficiaries, as well as sorrow and anguish from the loss of the Decedent, among other losses. As a direct and proximate result of the

wrongful death, Plaintiff's Decedent's statutory beneficiaries have all suffered tremendous sorrow, mental anguish, as well as loss of society, solace, companionship, comfort, guidance, kindly offices, and advice of the Decedent.

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally, in the sum of SEVEN MILLION DOLLARS ($7,000,000.00), and his costs in this matter as expended.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.

BENJAMIN NEWSOME,
Administrator of the Estate of
JOSHUA JOHNSON

_____/s/_____
John M. Cooper, Esquire
William F. O'Mara, Jr., Esquire

John M. Cooper, Esquire
Virginia State Bar No. 29064
jcooper@cooperhurley.com
William F. O'Mara, Jr.
Virginia State Bar No. 77146
bomara@cooperhurley.com
*Counsel for Plaintiff*
COOPER HURLEY
2014 Granby Street, Suite 200
Norfolk, Virginia 23517
757-455-0077
757-455-8274 (facsimile)

<u>Certification</u>

  I hereby certify that on this 1st day of April, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:


Melvin Wayne Ringer
Chief Deputy City Attorney
Virginia State Bar No. 20141
Wayne.ringer@norfolk.gov
Tasha D. Scott
Assistant City Attorney
Virginia State Bar No. 68643
Tasha.scott@norfolk.gov
*Counsel for Defendants*
City Attorney's Office
810 Union Street
Norfolk, Virginia 23510
757-664-4215
757-664-4201 (facsimile)

             _____/s/_____
             John M. Cooper, Esquire
             William F. O'Mara, Jr., Esquire