IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BENJAMIN NEWSOME, Administrator of
Estate of Joshua Johnson

    Plaintiff,

    v.                                                 CIVIL ACTION NO. 2:14cv94

MATTHEW WATSON et al.,

    Defendants.

*MEMORANDUM OPINION AND ORDER*

Before the Court is the Motion to Dismiss Amended Complaint filed by Defendants Matthew Watson and Mathew Williams ("Defendants" or "Officers"). Plaintiff Benjamin Newsome ("Plaintiff"), the administrator of the estate of Joshua Johnson ("Johnson"), filed the Amended Complaint to add an additional battery claim against Defendant Watson in addition to his original allegations that Defendants violated Johnson's Fourth Amendment right to be free from excessive force and unreasonable seizure in violation of 42 U.S.C. § 1983. Defendants request that the Court grant the Motion to Dismiss, arguing that Plaintiff has not stated a claim upon which relief may be granted. This matter has been fully briefed and is ripe for determination. For the reasons set forth herein, the Motion to Dismiss is **GRANTED-IN-PART** and **DENIED-IN-PART WITHOUT PREJUDICE**.

### I. FACTUAL & PROCEDURAL HISTORY

The facts, stated in the light most favorable to Plaintiff, are as follows: On May 20, 2013 at approximately 2:40 p.m., Johnson was operating a motor vehicle in a drive-through lane of a bank around the 2000 block of Colonial Avenue in Norfolk, Virginia. Am. Compl. ¶ 4. Watson and Williams, police officers for the City of Norfolk, arrived at the bank to arrest Johnson for a

non-violent property crime. *Id.* at ¶¶ 1, 4. Defendants pulled their police vehicle in front of Johnson's vehicle. *Id.* Officer Williams walked directly and closely behind Johnson's vehicle. *Id.* Defendants "barricaded" Johnson's vehicle in the bank drive-through lane, and "reverse was his only means of egress." *Id.* Officer Watson fired and shot Johnson and Officer Williams. *Id.* Johnson was killed. *Id.*

Plaintiff brought this action pursuant to 42 U.S.C. §1983 against Officers Watson and Williams, alleging that Johnson's Fourth Amendment right to be free from excessive force and unreasonable seizure was violated by Defendants. The Complaint was originally filed in the Circuit Court of the City of Norfolk on February 4, 2014. On March 6, 2014, Defendants removed the case to federal court. Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(6) on March 13, 2014. On April 1, 2014, Plaintiff filed his Amended Complaint, which Defendants now move to dismiss.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that, in addition to a statement of the court's jurisdiction and a demand for relief, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of a complaint. *Francis v. Giacomello*, 588 F.3d 186, 192 (4th Cir. 2009). Courts will favorably construe the allegations of the complaint and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as

true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

A Rule 12(b)(6) motion to dismiss should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires a plaintiff to demonstrate more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* As multiple district courts in this circuit have noted, these federal pleading standards are "procedural," not "substantive," rules, and therefore govern state law claims raised in a diversity case. *E.g., McFadyen v. Duke University*, 786 F. Supp. 2d 887, 920 (M.D.N.C. 2011), *aff'd in part, rev'd in part, Evans v. Chalmers*, 703 F.3d 636 (4th Cir. 2012). *See also Hatfill v. New York Times Co.*, 416 F.3d 320, 337 (4th Cir. 2005).

### III. DISCUSSION

Defendants, in seeking dismissal of this legal action, argue that Plaintiff's causes of action for Fourth Amendment violations and battery fail to state cognizable claims. Specifically, Defendants assert that Plaintiff has not established a causal connection between Officer Williams' conduct and a constitutional violation, nor has Plaintiff plead sufficient facts to establish that Officer Watson acted unreasonably in assessing any risk posed by Johnson and any probable cause to use deadly force or engage in a battery.

#### A. Section 1983 Claim against Defendants Watson and Williams (Count I)

Count I of the Amended Complaint asserts that Defendants subjected Johnson to deadly force, thereby depriving him of the constitutionally protected right to be free from excessive

3

force and unreasonable seizure by police officers conferred by the Fourth Amendment. *See Jones v. Buchanan*, 325 F.3d 520, 527 (4th Cir. 2003). Plaintiff alleges that both Defendants unreasonably seized Johnson by barricading him and using deadly force, thus creating a situation where Johnson's Fourth Amendment right was violated. Plaintiff also alleges that the officers violated safety rules since Officer Williams walked closely and directly behind Johnson's car knowing that its only means of egress was to back up and Officer Watson fired his weapon with his fellow officer in the line of fire.

Section 1983 of Title 42 of the United States Code "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

In terms of the Constitutional right to be free from excessive force and unreasonable seizure, a police officer may arrest a person if he has probable cause to believe that the person committed a crime, *see United States v. Watson*, 423 U.S. 411 (1976), but such seizure must be conducted with a reasonable use of force. A police officer's use of deadly force is reasonable only if "the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *Tennessee v. Garner*, 471 U.S. 1, 3, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985); *see also Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Whether an officer's action was reasonable is heavily fact dependent,

and in determining whether force was excessive, a court must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests" with "the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396, 109 S.Ct. 1865. Balancing these interests requires an examination of a totality of the circumstances, including (1) how severe the crime being investigated is, (2) whether the individual in question poses an immediate threat to the safety of the officers or other people, (3) whether the individual is fleeing or actively resisting arrest, and (4) the severity of the plaintiff's injuries. *Saucier v. Katz*, 533 U.S. 194, 202 (2001). These factors must be considered from the perspective of a reasonable officer on the scene; the good or bad intentions of the actual officer involved should not be considered in determining the constitutionality of the use of force. *See Graham*, 490 U.S. at 397 (noting that because the nature of police work often requires expedited judgments "in circumstances that are tense, uncertain, and rapidly evolving," facts must be evaluated from the perspective of a reasonable officer on the scene, without employing hindsight); *Elliott v. Leavitt*, 99 F.3d 640, 643 (4th Cir. 1996) (noting that reasonableness under the Fourth Amendment is determined based on the information available to the officer at the moment force is employed). There is no question that if the use of force by officers during an arrest of a free citizen is excessive under objective standards of reasonableness, then the officers violated the individual's Fourth Amendment rights. *See Saucier*, 533 U.S. at 201-02.

Here, the parties do not dispute that Johnson was "seized" when he was shot for purposes of Fourth Amendment analysis. *See California v. Hodari D.*, 499 U.S. 621, 626-27, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). The relevant facts concern the officers' placement at the scene and the movement of Johnson's vehicle immediately prior to the shooting. This evidence directly bears on whether Officer Watson had probable cause to believe that Officer Williams

was in danger and whether shooting Johnson was reasonable under the circumstances. Without alleging facts to demonstrate that the force was excessive or unreasonable under the objective reasonableness standard, Plaintiff makes only conclusory statements that deadly force was used in violation of the Constitution as well as safety and procedure rules. Plaintiff does not indicate that Johnson was trying to flee the scene in a manner that did not pose a significant threat of serious injury to anyone by suggesting that Officer Williams was a sufficient distance from the vehicle as it moved in reverse or that Johnson was not making any threatening gesture toward the officers when he was shot. Plaintiff does not present factual content to establish that the officers manufactured the circumstances giving rise to the shooting where a reasonable officer in Officer Watson's position would not have probable cause to believe that Johnson posed a significant threat of death or serious injury to the officer or others. The Amended Complaint falls short of alleging that Defendants, either individually or in concert, engaged in conduct that is causally connected to acts of excessive force or unreasonable seizure. Because Plaintiff has not plead sufficient facts to establish that actions by Defendants constituted a violation of Johnson's Fourth Amendment right, the Amended Complaint fails to state a claim pursuant to § 1983 and is dismissed without prejudice. Plaintiff is granted leave to amend the Amended Complaint within twenty-one (21) days of the date of entry of this Order.[1]

### B. Battery Claim against Defendant Watson (Count II)

Plaintiff makes no battery claim against Officer Williams, but Plaintiff maintains that he sufficiently states a battery claim against Officer Watson, who shot Johnson during the arrest.

---

[1] The Court has not addressed the qualified immunity defense in this Memorandum Order because Plaintiff failed to state a § 1983 plausible claim that Defendants violated Johnson's Fourth Amendment rights. *See Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2080 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (holding that qualified immunity shields federal and state officials from money damages, unless a plaintiff pleads facts showing that: (1) the official violated a statutory or constitutional right, and (2) the right was "clearly established" at the time of the challenged conduct). However, should Defendants assert the qualified immunity defense in their answer or other response to the operable complaint in this case, the Court will then consider the applicability of the doctrine of qualified immunity.

"A battery is the unlawful touching of the person of another by the aggressor himself." *Lynch v. Commonwealth*, 131 Va. 762, 109 S.E. 427, 428 (1921) (citation omitted). More specifically, battery "is an unwanted touching which is neither consented to, excused, nor justified." *Koffman v. Garnett*, 265 Va. 12, 574 S.E.2d 258, 261 (2003) (citing *Washburn v. Klara*, 263 Va. 586, 561 S.E.2d 682 (2002); *Woodbury v. Courtney*, 239 Va. 651, 391 S.E.2d 293 (1990)).

Although Defendants challenge the sufficiency of the claim on the basis of Plaintiff's use of boilerplate language for a battery cause of action, Plaintiff pleads sufficient facts to establish plausibility that Officer Watson's actions were not justified. Plaintiff contends that Officer Watson fired upon Johnson without just cause or provocation based on several allegations in paragraph 4 of his Amended Complaint, including that Officer Watson barricaded Johnson's vehicle in the bank drive-through lane, Johnson's means of egress was to back up, Officer Watson fired in the direction of Johnson and his fellow officer, and the firing occurred during an arrest for a non-violent property crime. The Court may permissibly infer that Officer Watson acted unjustifiably in committing harmful and offensive contact which caused Johnson's death through shooting. Considering the facts in the light most favorable to the complainant, Plaintiff has included enough factual content to state a battery claim against Officer Watson upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Amended Complaint is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Motion to Dismiss Count I is **GRANTED WITHOUT PREJUDICE**. Plaintiff is **GRANTED** leave to amend his Amended Complaint within twenty-one (21) days of the date of entry of this Order. The Motion to

Dismiss Count II is **DENIED**. Plaintiff requests for hearing (ECF No. 8) is **DENIED** because a hearing would not assist the Court in the disposition of this matter.

The Clerk is **DIRECTED** to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 28, 2014

Raymond A. Jackson
United States District Judge

8