```
                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                            Norfolk Division
```

**BENJAMIN NEWSOME, Administrator of**
**the Estate of Joshua Johnson**

    **Plaintiff,**

    **v.**                                                      **Civil Action No. 2:14cv94**

**MATTHEW WATSON and MATHEW WILLIAMS,**

    **Defendants.**

    **REBUTTAL BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNT I**
        **OF THE SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**

    Defendants Matthew Watson and Mathew Williams, by counsel, in rebuttal of plaintiff's brief, dated July 17, 2014, and in support of their Motion to Dismiss Count I of the Second Amended Complaint Pursuant to Rule 12(b)(6), say as follows:

**ARGUMENT**

    The Court in ruling on defendants' motions to dismiss detailed what allegations plaintiff needed in order that his claim survive:

> The relevant facts concern the officers' placement at the scene and the movement of Johnson's vehicle **immediately prior to the shooting**. This evidence directly bears on whether Officer Watson had probable cause to believe that Officer Williams was in danger and whether shooting Johnson was reasonable under the circumstances. . . . Plaintiff does not indicate that Johnson was trying to flee the scene in a manner that did not pose a significant threat of serious injury to anyone by suggesting that Officer Williams was a sufficient distance from the vehicle as it moved in reverse or that Johnson was not making any threatening gesture toward the officers **when he was shot**. Plaintiff does not present factual content to establish that the officers manufactured the circumstances giving rise to the shooting where a reasonable officer in Officer Watson's position would not have probable cause to believe that Johnson posed a significant threat of death or serious injury to the officer or others.

(Mem. Op. and Order 5-6, May 28, 2014, ECF No. 13)(emphasis added).  This is consistent with all the case authority cited by defendants, which focuses the constitutional inquiry on the facts as they exist at the moment the deadly force is used.  See, e.g., Graham v. Connor, 490 U.S. 386, 395 (1989).

Plaintiff did not take advantage of the Court's advice. Although he pleads many facts, the Second Amended Complaint is devoid of allegations about what was happening at the moment. Plaintiff cites Tennessee v. Garner, 471 U.S. 1, 3 (1985) for the premise that it is constitutionally unreasonable to use deadly force to prevent escape by a non-violent suspected felon, unless an officer has probable cause to believe that the suspect poses a threat of serious physical harm either to the officer or others, and asserts that the Second Amended Complaint fits this standard. (Pl.'s Br. Resp. to Defs. Mot. to Dismiss 7, ECF No. 20). However, plaintiff fails to plead sufficient facts regarding a reasonable officer's perspective on the scene at the moment the officer fired his weapon. See Graham, 490 U.S. at 393; Greenidge v. Ruffin, 927 F.2d 789, 792 (4th Cir. 1991). Not only does plaintiff fail to supply sufficient allegations for the standard espoused by Graham, but plaintiff fails to address the deficiencies noted by the Court's Order of May 28, 2014, specifically what was occurring immediately prior to and at the moment of the shooting. The only allegations about what was going on "just prior to the shooting" are that Johnson had a non-threatening appearance (Second Am. Compl. ¶5, ECF No. 15), and that the Johnson vehicle was surrounded by things that "tightly confined it." (Second Am. Compl. ¶7, ECF No. 15).

On brief plaintiff states "it is additionally alleged that just prior to Watson firing upon Johnson, Williams had concealed himself several feet to the rear of the bank building, which was additionally several yards to the rear of the Johnson vehicle, creating a large and safe distance between the rear of the Johnson vehicle and Williams." Pl.'s Br. Resp. to Defs. Mot. to Dismiss 8, ECF No. 20). This is nowhere alleged in the Second Amended Complaint. The allegations about Williams concealing himself behind the bank building, which was yards to the rear of the Johnson vehicle, and being a large and safe distance from the Johnson vehicle are found in paragraph 10 of

the Second Amended Complaint. The time allegation of that paragraph is not "just prior to Watson firing", it is "just prior to Johnson driving in reverse to flee the scene." So plaintiff's argument that the complaint shows that Williams was in no danger "just prior to Watson firing" is based on an allegation that is not in the Second Amended Complaint.

Based on that absent allegation, and others which are present, plaintiff argues that Watson, acting as a reasonable officer, should not have concluded Johnson presented a threat of injury to Williams. But the allegation that Williams was in a place of safety "just prior to Johnson driving in reverse to flee the scene" does not tell Watson or the Court whether Williams was in a place of safety <u>at the moment</u> of the use of deadly force.

Interestingly, plaintiff does plead facts about Williams' physical state as a result of the encounter, stating that Johnson's car did not cause any serious bodily injury. (Second Am. Compl. ¶4, ECF No. 15). Nowhere in the Second Amended Complaint does plaintiff plead whether there was any contact between Williams and Johnson's vehicle. Plaintiff only mentions that the injury was not serious. It is well established that harm does not have to actually occur for it to be constitutionally reasonable to deploy deadly force. "The Constitution does not require police to gamble with their lives in the face of serious threat of harm." <u>Elliott v. Leavitt</u>, 99 F.3d 640, 641 (4th Cir. 1996). An officer only needs probable cause to believe that the suspect poses a threat of serious hard or death. <u>Garner</u>, 471 U.S. at 3. Plaintiff has stated that the Supreme Court has defined probable cause as a "fair probability". (Pl.'s Br. Resp. to Defs. Mot. to Dismiss 7, ECF No. 20). This means that an officer on the scene at the moment force was used had to reasonably believe that there was fair chance that the suspect posed a threat of physical harm.

3

>The Fourth Circuit has held that:
>
>"No court can expect any human being to remain passive in the face of an active threat on his or her life ... the Fourth Amendment does not require omniscience. Before employing deadly force, the police must have sound reason to believe that the suspect poses a serious threat to their safety or the safety of others. Officers need not be absolutely sure ... of the nature of the threat or the suspect's intent to cause them harm – the Constitution does not require that certitude precede the act of self protection." Elliott, 99 F.3d at 644.

For plaintiff to plead that Williams did not suffer any serious bodily injury as if that should be part of the calculus of objective reasonableness of the officer's actions at the critical moment force was used calls for this Court to engage in the "20/20 vision of hindsight" admonished by the courts. See Graham, 490 U.S. at 399; Plumhoff v. Rickard, 134 S.Ct. 2012, 2021 (May 27, 2014).

Plaintiff has failed to submit plausible, time relevant allegations for the court to determine the objective reasonableness of the officers' actions. The issue is not what resulting harm the officer suffered as a result of the encounter, but whether the suspect posed a threat of death or serious injury to the officers or others. See Garner, 471 U.S. at 3; see Graham, 490 U.S. at 396. The officer's liability must be determined exclusively upon an examination and weighing of the information the officers possessed immediately prior to and at the very moment [he] fired the fatal shots. Greenidge, 927 F.2d at 792 (4th Cir. 1991)(quoting Ford v. Childers, 855 F.2d 1271, 1275 (7th Cir. 1988).

Plaintiff further asserts he is pleading in the alternative, and that the theory advanced above states a claim against Watson, but even judged as a separate claim, it fails to allege what the facts were at the time of the shooting, and it should be dismissed. Moreover, even if it could be stretched into stating a claim that Watson shot Johnson when Williams was in

4

no danger, that cannot be a claim on which relief could be granted against Officer Williams, either jointly or severally.

Plaintiff correctly states that he is permitted to plead in the alternative. Federal Rule of Civil Procedure 8(d)(2), which plaintiff does not cite, provides for alternative pleading. Under that Rule, in order for the complaint to survive a motion to dismiss, at least one of the alternative theories must state a claim. Plaintiff's theory of claim against Watson is shown to be insufficient above. His alternative theory of claim against Williams also fails.

It is not clear from the Second Amended Complaint that plaintiff meant to be pleading "in the alternative". A party need not use particular words to plead in the alternative, but he must use a formulation from which it can be reasonably inferred that this is what he was doing. Holman v. Indiana, 211 F.3d 399, 407 (7th Cir. 2000), cert. denied, 531 U.S. 880 (2000), citing 5 Wright, Miller, Kane, Marcus & Steinman, Federal Practice and Procedure (3d ed. 2014), §1282.

On brief, the alternative theory against Williams is that he caused Watson unreasonably to use deadly force. The arguments plaintiff makes and the authorities he cites go beyond anything in the Second Amended Complaint.

Quoting Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 561 (1st Cir. 1989), plaintiff asserts that the causal connection can be established "by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." (Pl.'s Br. Resp. to Defs. Mot. to Dismiss 10, ECF No. 20). But he does not allege that Williams acted in a way that he knew would cause Watson to inflict injury. He alleges, "Williams unreasonably placed himself near the path of the Johnson's vehicle, when he knew his actions could prompt Watson to use deadly force." (Second Am. Compl. ¶13, ECF No. 15). This is not sufficient allegation of causation.

Then, plaintiff says, "if proven that Williams caused the decedent to be subjected to an unreasonable seizure by leaving a place of safety and placing himself <u>in the path of</u> the decedent's vehicle, then the resulting use of force is constitutionally infirm." (Pl's Br. Resp. to Defs. Mot. to Dismiss 10, citing cases, ECF No. 20).  But he never alleges that Williams was <u>in</u> the path of Johnson's car, he alleges that Williams placed himself "<u>near the path</u>".  (Second Am. Compl. ¶13, ECF No. 15).  The fact that he was "near the path" of a reversing vehicle and knew that "could prompt" Watson to fire does not make a plausible claim that Williams caused a constitutional violation.

Plaintiff cites <u>Starks v. Enyart</u>, 5 F.3d 230 (7th Cir. 1993) and describes its discussion of an officer stepping "in front of a rapidly moving vehicle leaving the decedent no time to brake".  (Pl's Br. Resp. to Defs. Mot. to Dismiss 10, ECF No. 20).  Here, plaintiff alleges that Johnson "had no opportunity to react to Williams' presence." (Second Am. Compl. ¶13, ECF No. 15).  In the context of his pleading, what is meant by Johnson having "no opportunity to react" is in no way clear.  He never alleges that Williams was in the path of the vehicle.  If he means that Johnson had no opportunity to brake, or to swerve, to avoid running over Williams, he hasn't said so.  If he means that Williams was on the rear deck of his car, in danger of sliding off and being run over, and that Johnson had no time to brake to avoid that, he hasn't said so.  The abstract notion of Johnson "reacting" to Williams' presence adds nothing to his complaint, because what reaction it refers to cannot be known in the context of the rest of his pleading.  In the context of the pleading, whether a reaction would have helped or hurt plaintiff's case against Williams cannot be known.  The only thing that is known is how Johnson reacted to Watson's presence:  He tried to escape.

If there is a level at which a plaintiff might push his case across a line where a police officer might be held liable for manufacturing the

6

situation in which a constitutional violation occurred, plaintiff's case falls short of that level, as is simply demonstrated by comparing the assertions and arguments of his brief with the more meager allegations of fact in the Second Amended Complaint.

Moreover, leaving aside that detail, plaintiff's alternative theory against Williams must fail for the same reason it fails against Watson: Nowhere does plaintiff allege any fact about where Williams was or what Williams was doing at the moment that Watson started to shoot. Thus, it does not state a plausible claim against Williams. And even if it could be stretched into one, it does not serve as a vehicle to impose any liability on Watson. Under the so-called alternative theory, Williams' actions are challenged as unreasonable, but nothing describes any facts about what Watson saw or perceived that would allow the Court to conclude that Watson did anything unreasonable. Furthermore, "the reasonableness of the officer's actions in creating the dangerous situation is not relevant to the Fourth Amendment analysis; rather, reasonableness is determined based on the information possessed by the officer at the moment that force is employed." Waterman v. Batton, 393 F.3d 471, 477 (2005); see Elliott, 99 F.3d at 643; Greenidge, 927 at 789.

On brief, plaintiff argues that the totality of circumstances, including alleged rule violations, should be analyzed to determine whether the officers acted reasonably. (Pl's Br. Resp. to Defs. Mot. to Dismiss 12, ECF No. 20). But there is no authority that suggests facts or circumstances should be included in the analysis of reasonableness to the extent that such inclusion expands or eviscerates the "at the moment" timeframe for when force was used. See Greenidge, 927 F.2d at 792 (1991). In fact, case law will not support a cause of action based solely on allegations about events occurring before and after the shots were fired. See Waterman, 393 F.3d at 481 (holding "[t]o simply view all of the force employed in light only of the

7

information possessed by the officer when he began to employ force would limit, for no good reason, the relevant circumstances to be considered in judging the constitutionality of the officer's actions").

Despite the Court's advice, plaintiff has not set forth sufficient factual content to render the claims plausible on their face and enable the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  See Ashcroft v. Iqbal, 556 U.S. 662 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  Absent plausible allegations about the timeframe immediately before and at the moment of the shooting, the Second Amended Complaint fails to properly allege a claim to relief under the Fourth Amendment.  Plaintiff has now had several opportunities, without success, to accomplish this, and the Court should evaluate the Second Amended Complaint as it stands.

## CONCLUSION

WHEREFORE, defendants Matthew Watson and Mathew Williams pray the court will dismiss Count I of the Second Amended Complaint with prejudice and award them judgment.

                                    **MATTHEW WATSON**
                                    **MATHEW WILLIAMS**

                                    _____/s/_____
                                    Melvin Wayne Ringer
                                       Chief Deputy City Attorney
                                    Virginia Bar number 20141
                                    wayne.ringer@norfolk.gov
                                    Tasha D. Scott
                                       Assistant City Attorney
                                    Virginia Bar number 68643
                                    tasha.scott@norfolk.gov
                                    Attorneys for defendants Matthew Watson
                                       and Mathew Williams
                                    City Attorney's Office
                                    810 Union Street
                                    Norfolk, VA 23510
                                    Phone: 757-664-4215
                                    Fax:   757-664-4201

**CERTIFICATION**

    I hereby certify that on this 23rd day of July, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    John M. Cooper, Esq.
    Virginia Bar number 29064
    jcooper@cooperhurley.com
    William F. O'Mara, Jr., Esq.
    Virginia Bar number 77146
    bomara@cooperhurley.com
    Attorneys for plaintiff
    Cooper Hurley
    2014 Granby St. Ste. 200
    Norfolk, Virginia 23517
    Phone: 757-455-0077
    Fax: 757-455-8274

                          _____/s/_____
                          Tasha D. Scott
                            Assistant City Attorney
                          Virginia Bar number 68643
                          Attorney for defendants Matthew Watson
                            and Mathew Williams
                          City Attorney's Office
                          810 Union Street
                          Norfolk, VA 23510
                          Phone: 757-664-4215
                          Fax: 757-664-4201
                          tasha.scott@norfolk.gov