IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
AUG 2 2 2014
CLERK, US DISTRICT COURT
NORFOLK, VA

BENJAMIN NEWSOME, Administrator of
Estate of Joshua Johnson,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 2:14cv94

MATTHEW WATSON et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Matthew Watson and Mathew Williams' ("Defendants") Motion to Dismiss Count I of the Second Amended Complaint. ECF No. 17. Plaintiff Benjamin Newsome ("Plaintiff"), the administrator of the estate of Joshua Johnson ("Johnson"), filed the Second Amended Complaint as an attempt to cure the deficiencies in his factual allegations regarding Defendants' alleged violation of Johnson's Fourth Amendment right to be free from excessive force and unreasonable seizure. Defendants request dismissal of Count I, a 42 U.S.C. § 1983 claim, arguing that Plaintiff has not stated a cause of action upon which relief may be granted. This matter has been fully briefed and is ripe for determination. For the reasons set forth herein, the Motion to Dismiss is **DENIED**.

### I. FACTUAL & PROCEDURAL HISTORY

The facts, stated in the light most favorable to Plaintiff, are as follows: On May 20, 2013 at approximately 2:40 p.m., Johnson was operating a motor vehicle in the drive-through lane of a bank around the 2000 block of Colonial Avenue in Norfolk, Virginia. Second Am. Compl. ¶ 4. Watson and Williams, police officers for the City of Norfolk, arrived at the bank to arrest Johnson for a non-violent property crime. *Id.* at ¶¶ 1, 4. Officer Watson pulled the police

cruiser in front of Johnson's vehicle. *Id.* at ¶ 4. Officer Williams approached and walked closely near the rear of Johnson's vehicle after emerging from the area of bank building, and Johnson was not aware of his presence. *Id.* at ¶¶ 4-5. Defendants "barricaded" Johnson's vehicle in the bank drive-through lane, and Johnson's only means of egress was to "back up." *Id.* at ¶ 4. Consequently, Johnson slowly reversed his vehicle away from Officer Watson's police cruiser through the tight space between the bank building and the curbed island of the drive-through lane. *Id.* at ¶¶ 7-8. Officer Watson followed Johnson's vehicle on foot with his service weapon drawn. *Id.* at ¶ 8. Despite the fact that Johnson was unarmed, Officer Watson fired and shot Johnson. *Id.* at ¶¶ 4-5. Officer Watson also shot Officer Williams. *Id.* at ¶ 4. Johnson died from his injuries. *Id.*

Plaintiff initially brought this action pursuant to 42 U.S.C. §1983 against Officers Watson and Williams, alleging that Johnson's Fourth Amendment right to be free from excessive force and unreasonable seizure had been violated by Defendants. ECF No. 1-4. The Complaint was originally filed in the Circuit Court of the City of Norfolk on February 4, 2014. On March 6, 2014, Defendants removed the case to federal court. ECF No. 1. Defendants moved to dismiss the Complaint on March 13, 2014. ECF No. 2. On April 1, 2014, Plaintiff filed his Amended Complaint to add an additional count for Battery, which Defendants moved to dismiss on April 11, 2014. ECF Nos. 7, 9. The Court denied dismissal as to Count II because Plaintiff included enough factual content to state a battery claim against Officer Watson, but granted dismissal of Count I without prejudice with leave to amend to plead sufficient facts to establish a constitutional violation upon which relief may be granted. ECF No. 13. Plaintiff filed his Second Amended Complaint, ECF No. 15, on June 18, 2014, and Defendants filed the instant

Motion to Dismiss Count I on July 7, 2014. Plaintiff's submitted an opposition to dismissal on July 17, 2014 and Defendants submitted a rebuttal brief on July 23, 2014.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that, in addition to a statement of the court's jurisdiction and a demand for relief, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the sufficiency of a complaint, *Francis v. Giacomello*, 588 F.3d 186, 192 (4th Cir. 2009), and should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires a plaintiff to demonstrate more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts will favorably construe the allegations of the complaint and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

## III. DISCUSSION

Count I of the Second Amended Complaint asserts that Defendants, within the scope of their employment as police officers, subjected Johnson to deadly force, thereby depriving him of

3

his protected right to be free from excessive force and unreasonable seizure conferred by the Fourth Amendment. Second Am. Compl. ¶ 14. Defendants, in seeking dismissal of Count I of the Second Amended Complaint, argue that Plaintiff's allegations of constitutional violations do not amount to a cognizable § 1983 claim. *See* Defs.' Mot. Dismiss 1-2. In particular, Defendants challenge such allegations regarding their conduct before and during the use of deadly force as irrelevant or vague. *Id.* Plaintiff maintains that the Second Amended Complaint addresses the deficiencies cited by the Court in its Order granting-in-part the previous motion to dismiss, and that he pleads facts related to the officers' placement at the scene and the movement of Johnson's vehicle immediately prior to and during the shooting to demonstrate that neither officer's conduct was reasonable under the circumstances. Pl.'s Opp'n Mot. Dismiss 7-11.

Section 1983 of Title 42 of the United States Code permits any individual who is deprived of one of his federally protected rights by a state official to bring a civil claim for damages. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations omitted). To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). Defendants contend that Plaintiff has failed to satisfy the first requirement and has not demonstrated any actionable deprivation of a right. Plaintiff asserts that Defendants violated Johnson's Fourth Amendment right to be free from excessive force and unreasonable seizure.

4

A police officer may conduct an arrest, investigatory stop, or other "seizure" if he has probable cause to believe that a person committed a crime, *see United States v. Watson*, 423 U.S. 411 (1976), but such seizure must be conducted with a reasonable use of force in order to be constitutional. *See Graham. v. Connor*, 490 U.S. 386, 388 (1989). To state a claim for excessive force during a seizure, a plaintiff must first allege that he was seized and then allege that he suffered an injury directly and only from the use of force that was excessive to the need and objectively unreasonable. *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004). To establish that the use of deadly force was excessive, a plaintiff must show that the officer did not have "probable cause to believe that the suspect pose[d] a significant threat of death or serious physical injury to the officer or others." *Tennessee v. Garner*, 471 U.S. 1, 3 (1985).

A claim that law enforcement officials used excessive force in the course of a seizure is properly analyzed under the Fourth Amendment's "objective reasonableness" standard. The United States Supreme Court has clarified that the core inquiry is whether the force used was "objectively reasonable" based on the perspective of a reasonable officer at the scene in light of the circumstances as they existed at the moment force was used. *Scott v. Harris*, 550 U.S. 372 (2007); *Graham*, 490 U.S. at 396; *see also Elliott v. Leavitt*, 99 F.3d 640, 643 (4th Cir. 1996); *Anderson v. Russell*, 247 F.3d 125, 132 (4th Cir. 2001). Whether an officer's action was objectively reasonable is heavily fact dependent, and requires balancing of "the nature and quality of the intrusion on the individual's Fourth Amendment interests" with "the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396; *accord Milstead v. Kibler*, 243 F.3d 157, 162 (4th Cir. 2001). Pursuant to the Supreme Court's ruling in *Graham v. Connor*, balancing these interests requires an examination of the totality of the circumstances, including such factors as (1) how severe the crime being investigated is, (2) whether the individual in

question poses an immediate threat to the safety of the officers or other people, (3) whether the individual is fleeing or actively resisting arrest, and (4) the severity of the plaintiff's injuries. *Saucier v. Katz*, 533 U.S. 194, 202 (2001); *see also Ciminillo v. Streicher*, 434 F.3d 466, 467 (6th Cir. 2006) ("Graham factors do not constitute an exhaustive list; the ultimate question is 'whether the totality of the circumstances justifies a particular sort of seizure.'"). These factors must be considered from the perspective of a reasonable officer on the scene based on the information available to the officer at the moment force is employed. *Elliott*, 99 F.3d at 643.

For purposes of Fourth Amendment analysis, the parties do not dispute that Johnson was "seized" when he was shot. *See Garner*, 471 U.S. at 25 (noting that the police officer who shot at a fleeing suspect had "seized" the suspect by shooting him). Therefore, the focus of this Court's discussion is whether the particular use of force that led to the decedent's injury was reasonable in light of the prevailing circumstances and from the perspective of a reasonable officer on the scene. *Scott v. United States*, 436 U.S. 128, 137-39 (1978). The Court will apply the objective reasonableness standard to each defendant individually, beginning with Officer Watson.

First, Defendants argue that Plaintiff has not pled facts to show that Officer Watson acted unreasonably under the *Graham* standard. Defs.' Mem. Mot. Dismiss 11, ECF No. 18. Plaintiff suggests that even though the unarmed Johnson did not take any threatening or aggressive action, Officer Watson shot him when an objectively reasonable policeman would not have fired. Pl.'s Opp'n 3. Plaintiff has alleged sufficient facts to support a theory of culpability against Officer Watson based upon his: (1) positioning his police cruiser directly in front of Johnson's vehicle while it was parked in a confined drive-through lane to make an arrest for a non-violent property crime; (2) acting in concert with his partner for Officer Williams to approach from behind and

remain concealed; (3) exiting his police cruiser and brandishing his firearm; (4) taking actions that left Johnson with reverse as his only means of egress; (5) firing his gun even though Officer Williams was yards away from Johnson's vehicle and Johnson was moving as slowly as Officer Watson's pace on foot; and (6) violating a police safety rule prohibiting fire upon a fleeing, unarmed and non-threatening arrestee. *Id.* at 3-4, 8-9. These actions, when viewed under the totality of the circumstances standard and construed as true, may be inferred as objectively unreasonable given the lack of threat of serious bodily harm that Plaintiff posed during the pursuit immediately before the seizure occurred, as evidenced by the slow movement of Johnson's vehicle and the location of the officers. In sum, the facts alleged and the reasonable inferences arising therefrom are sufficient to support a claim that Officer Watson committed a violation of Johnson's Fourth Amendment right; thus the Second Amended Complaint states a claim pursuant to § 1983 against Officer Watson and dismissal is denied.

Second, the Court will apply the objectively reasonable standard to Officer Williams' conduct. Even though Johnson's injuries were not attributable to any use of force by Officer Williams, Plaintiff alleges that Officer Williams caused Johnson to be subjected to excessive deadly force by acting in concert with Officer Watson and by acting individually to manufacture the circumstances leading to the seizure. Specifically, Plaintiff claims that Officer Williams emerged from safety and placed himself in the path of Johnson's vehicle, leaving Johnson with reverse as his only means of egress and without opportunity to react. Pl.'s Opp'n 9-10. Plaintiff attempts to establish a causal connection between Officer Williams' conduct and the seizure by arguing that he set in motion a series of acts which he knew could cause Officer Watson to inflict the constitutional injury. *Id.* at 10.

According to case law of the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), in order to hold an officer liable for excessive force, the officer's actions must have directly or proximately caused the plaintiff's injuries. *See Shaw v. Stroud*, 13 F.3d 791, 800 (4th Cir. 1994) ("[T]he causal link in § 1983 cases is analogous to proximate cause"); *Slakan v. Porter*, 737 F.2d 368, 376 (4th Cir. 1984) ("Though [prison officials'] conduct may be fairly characterized as a breach of their legal and constitutional duties, they are not liable unless an affirmative causal link exists between their [a]ction and the harm suffered by [the plaintiff]."). Moreover, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct," *Iqbal, supra*, 556 U.S. at 677. It follows that Officer Williams may be liable for a constitutional violation when proximate causation for Plaintiff's injuries is supported by a showing that he acted in concert with Officer Watson to effectuate the seizure or knew or should have known that his actions would manufacture the circumstances leading to the seizure.

The Second Amended Complaint alleges that Officer Williams caused Johnson's death because he set in motion the events that led to the shooting. In terms of Officer Williams acting in concert with Officer Watson, Plaintiff alleges sufficient facts to show that it is plausible that at the moment before the seizure, the officers created the situation which gave rise to the fatal shooting because Officer Williams knowingly stood in the vehicle's path and Officer Watson knew his partner was not in danger of death or serious physical injury. In terms of Officer Williams' individual actions, Plaintiff has provided the necessary factual content to show that he manufactured circumstances in which he knew or should have known that Johnson would not see him near the vehicle and Officer Watson would respond with excessive force to protect him. Plaintiff's challenge to Officer Williams' approach suggests that "the force would have been avoided if [the policeman] had approached [the suspect] as required by proper police

procedures," and this argument relates to whether "the officer [had] reason to believe, at that moment [the shooting occurred], that there was a threat of physical harm." *Drewitt v. Pratt*, 999 F.2d 774, 779 (4th Cir. 1993). Plaintiff specified that immediately before and during the shooting, Officer Williams stood directly near Johnson's moving vehicle for Officer Watson to perceive him to be in danger. While Plaintiff stated that "Williams was a sufficient distance from Johnson's vehicle as it slowly moved backward," Plaintiff also alleges that Officer Williams positioned himself in a place where he knew or should have known that Officer Watson would have to assess the threat of death or serious physical harm and consider the use of deadly force. Pl.'s Opp'n 8. Plaintiff has provided sufficient facts to allege that, at the relevant moments, Officer Watson was aware of Officer Williams' location and misjudged the threat of significant harm as a result of Officer Williams' misconduct.

Additionally, in light of the allegations that Officer Williams stood in the path of Johnson's vehicle to knowingly cause the seizure, Plaintiff has established that this type of "effective causation" may state a cognizable claim for an excessive force § 1983 cause of action. Plaintiff cites three cases from courts outside of the Fourth Circuit which furnish some guidance. The First Circuit Court of Appeals held in *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 561 (1st Cir. 1989), that the "requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury," and Plaintiff has demonstrated that Officer Williams knew or should have known that standing near the vehicle would cause Johnson to move in reverse and would cause Officer Watson to shoot. The Seventh Circuit held in *Starks v. Enyart*, 5 F.3d 230, 234 (7th Cir. 1993), that if an officer stepped in front of a rapidly moving vehicle and left the decedent no time

to brake, then the officer "would have unreasonably created the encounter that ostensibly permitted the use of deadly force to protect him, because the decedent would have been unable to react in order to avoid presenting a deadly threat." Here, Plaintiff's allegations infer that Officer Williams placed himself near Johnson's vehicle and that, regardless of the speed of Johnson's vehicle, he unreasonably created the encounter where Officer Watson shot in direction of both Johnson and Officer Williams. The Sixth Circuit held in *Kirby v. Duva*, 530 F.3d 475, 482 (6th Cir. 2008), that it was unreasonable for the officers who shot and killed a suspected drug dealer during a traffic stop to have believed that the suspect posed a threat of serious physical harm to the officers or to others because the suspect's vehicle was moving in a non-aggressive manner, could not have hit any of the officers, and was stationary at the time of shooting, and, in addition, the officers had sufficient time to assess the situation. Plaintiff stated that at the time of the shooting, Officer Williams was a sufficient distance away from Johnson's vehicle, which was moving at a slow speed to allow both officers to assess the threat of danger appropriately.

Based on the totality of the circumstances, the Court concludes that Plaintiff has provided sufficient factual allegations to establish that Officer Williams acted in concert with Officer Watson. Moreover, the Court finds that Plaintiff has established that immediately before and during the shooting, it may have been objectively unreasonable for an officer at the scene to emerge from the bank building to stand near an arrestee's vehicle as did Officer Williams. Likewise, Plaintiff has established that Officer Williams knew or should have known that Johnson would reverse his vehicle toward where he stood and Officer Watson would react with excessive force. The Second Amended Complaint satisfies it burden of alleging that Officer Williams, either individually or in concert, engaged in conduct immediately before and during the shooting that is causally connected to Officer Watson's allegedly excessive force and

unreasonable seizure. Plaintiff pleads facts for his § 1983 claim against Officer Williams to survive dismissal.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Second Amended Complaint is **DENIED**. Plaintiff has set forth sufficient facts to render his § 1983 claim against Officer Watson and Officer Williams plausible on its face, which enables the Court to draw the reasonable inference of liability for the misconduct alleged.

The Clerk is **DIRECTED** to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 21, 2014

/s/
Raymond A. Jackson
United States District Judge